THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ANGEL LUIS COLON, Appellant.

Second Department, June 14, 1971.

*Milton Adler* (*Robert D. Croog* and *Ruth Jane Zuckerman* of counsel), for appellant.

*Eugene Gold, District Attorney* (*J. Mitchell Rosenberg* of counsel), for respondent.

CHRIST, J. The prime issue is whether section 130.15 of the new Penal Law renders the effect of *People* v. *Lo Verde* (7 N Y 2d 114) and *People* v. *English* (16 N Y 2d 719) inapplicable to the instant case. Specifically, can a defendant now be convicted of attempted rape in the first degree and sexual abuse in the first degree if the victim's trial testimony establishes a consummated rape and there is no corroboration of that testimony?

The defendant was indicted for the crimes of rape in the first degree, sexual abuse in the first degree, sexual misconduct, resisting arrest and criminal possession of dangerous drugs. The fifth count was severed and referred to the Criminal Court of the City of New York for trial as a misdemeanor. After trial, the defendant was acquitted of sexual misconduct and resisting arrest, but was convicted of attempted rape in the first degree (on the rape count) and sexual abuse in the first degree.

The uncontroverted evidence was that on October 29, 1968 at approximately 3 o'clock in the morning, the defendant, accompanied by three other men, accosted the complainant on Atlantic Avenue in Brooklyn, New York, where she was entering a taxicab. The defendant dragged her out of the cab a distance of one long block to a gasoline station then under construction, threw her to the ground and attempted to have intercourse with her. These facts were attested to by the defendant, by the complainant, and by Wilfredo Torres, one of the men who accompanied the defendant that night. The complainant testified that a consummated rape had taken place. Medical evidence, however, did not substantiate this claim and the defendant maintained that he never achieved his goal of sexual intercourse.

On this appeal, the defendant argues, *inter alia,* that his conviction cannot stand in view of the uncorroborated testimony of a consummated rape, citing *People* v. *English* (16 N Y 2d 719, *supra*) and subsequent cases following it.

*People* v. *English* (*supra*) and *People* v. *Lo Verde* (7 N Y 2d 114, *supra*) hold that in a prosecution for sexual offenses and related assaults no conviction can be had where there was uncorroborated evidence of a consummated rape.

In *People* v. *Lo Verde* (*supra*), the defendant was indicted for the crimes of rape in the first degree, assault with intent to commit rape and endangering the morals of a minor. The alleged criminal act was a consummated rape upon a 15-year-old-girl. The trial court charged the jury that no corroboration was necessary to convict the defendant of endangering the morals of a minor. The defendant was acquitted of the rape charge, the assault charge was dropped, and a conviction was had for the remaining crime. The Court of Appeals reversed the conviction, stating (p. 116): "Were we to hold that no corroboration was necessary to support the conviction of the crime as charged in this indictment, then a prosecutor might easily circumvent the requirement of corroboration necessary for a conviction of misdemeanor rape simply by charging instead the impairment of the morals of a minor, as he did here. The law may not be so circumvented."

*People* v. *English* (*supra*), which is based wholly upon *Lo Verde,* involved a prosecution for the crimes of rape in the first degree, attempted rape in the first degree, assault in the second degree with intent to commit rape, robbery in the first degree, and grand larceny in the second degree. English was acquitted of the rape count but convicted of the remaining crimes. On appeal, he argued that the counts of the indictment which charged assault with intent to commit rape and attempted rape should

have been dismissed because there was no corroboration of the victim's testimony of a consummated rape. The Court of Appeals modified the judgment by reversing the convictions for attempted rape and assault with intent to commit rape, based upon lack of the corroboration required when testimony as to a consummated rape has been received.

Similar results followed in *People* v. *Radunovic* (21 N Y 2d 186), *People* v. *Lennon* (22 N Y 2d 677) and *People* v. *Moore* (23 N Y 2d 565).

On September 1, 1967, section 130.15 of the new Penal Law became effective. It provides that corroboration of all the sex crimes defined in the " Sex Offenses " article of the new Penal Law (art. 130), or of an attempt to commit them, except sexual abuse in the third degree, would be required before conviction could be had. This section changed the law in New York which had required corroboration only for the sexual offense of rape. Both *English* and *Lo Verde* were decided under the prior law as a protection against improper convictions and to ensure due process, to prevent the situation where a jury is permitted to convict an accused of a crime which does not require corroboration, based upon testimony of a crime which does require corroboration, but for which none exists. Since the statute now requires corroboration for lesser included and charged sexual offenses, the evil *English* and *Lo Verde* sought to avoid is no longer present. Insofar as these sexual offenses now require corroboration, we think these cases and their progeny are inapplicable. With regard to those crimes not included within the scope of section 130.15, however, and all related crimes which occurred prior to September 1, 1967, the rule of these cases is still viable (see *People* v. *Doyle,* 31 A D 2d 490, affd. 26 N Y 2d 752).

Other errors urged by the defendant are without merit.

The judgment appealed from should be affirmed.

RABIN, P. J., MUNDER, SHAPIRO and BRENNAN, JJ., concur.

Judgment of the Supreme Court, Kings County, rendered September 16, 1969, affirmed.